VÍCTOR JACA LASSALLE ET AL., Petitioners, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 1151.   Argued July 26, 1938.—Decided July 28, 1938.

*A. Casanova Prats* for petitioners.   *Damián Monserrat, Jr.,* for the adverse party in the main action.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Víctor Jaca, alleging that he was one of the heirs of Bartolomé Jaca who died intestate in Río Piedras on February 3, 1938, petitioned the District Court of San Juan for the judicial administration of his estate.

The court granted the petition, having first taken certain preliminary measures, and appointed J. J. Fuertes judicial administrator on the 10th of February last, fixing at $10,000 the amount of the bond to be furnished by him.

The proceeding followed its course until July 7, 1938, when the court approved an agreement "between the petitioner and all his brothers in the instant case," and ordered the judicial administrator to pay to each of them a monthly allowance of ten dollars as from March 1938, and to continue to pay the same thereafter.

This order gave rise to the appearance of Rafael Expósito and Ramona Expósito in the proceeding, who alleged that they were the natural children of Bartolomé Jaca and had brought an action of filiation and petitioned the court to set aside the said order of July 7. They requested that a day and hour be set for the hearing of their petition.

Accordingly the court set the hearing for July 22 and directed the administrator to discontinue until further notice the payment of the monthly allowance of ten dollars to the brothers, who were eight in number. The latter moved the court to strike out the petition of Rafael and Ramona Expósito, to cancel the hearing thereof, and to set instead for hearing their own motion.

The foregoing appears from the original record of the judicial administration proceeding sent up by virtue of a petition for certiorari filed by the Jaca brothers who alleged that the district court had completely disregarded the provisions of section 72 of the Code of Civil Procedure and the jurisprudence established in *Morales* v. *Dessús,* 27 P.R.R. 482, by permitting the intervention of the Expósito brothers without leave and in recognizing their status as natural children which did not appear in an authentic and valid manner.

The writ was issued and the parties were heard on the 26th of this instant July. The Jaca brothers and the Expósito brothers appeared through their respective counsel, and the latter brothers moved for the dismissal of the certiorari proceedings as premature. On July 21, the respondent judge answered and sent up the original record already mentioned and stated that the hearing set for the 22nd "having for

its object to consider the propriety of the order to the administrator regarding delivery of hereditary funds or property to persons who have not yet been declared heirs," had been stayed by virtue of the certiorari proceeding.

■■ From a consideration of the whole case we fail to see the necessity for the intervention of this court in the matter.

At the time of the filing by the Jaca brothers of their petition in this court only four days had elapsed from the filing of their motion to strike and for the setting thereof in the district court. It did not then nor does it appear now that the said court had passed upon the petition, but from its return we can see that it was the intention of the court to hear the parties in interest regarding the allowance.

The responsibility for the general suspension of the administration rests in the district court which decreed it.

The Jaca brothers alleged that they were blood cousins of the deceased and that they were entitled to the inheritance because they were his next of kin; but they have not yet been declared heirs by any court of justice. The court granted a proposal submitted to it for the payment of an allowance to them of a lump sum of $80 monthly, and when the measure was adopted the sum amounted to $300. The question of the legality of the order was called to the attention of the court by the Expósito brothers, and we know what the court did.

There is no doubt that although the Expósito brothers alleged that they were natural children of the deceased and had instituted an action to establish their filiation which was still pending, they were not entitled to intervene, according to the doctrine laid down in *Morales* v. *Dessús, supra,* thus:

"The fact that a person brings an action to be acknowledged as the natural child of another does not authorize the plaintiff to intervene as such child in another action brought by the administrator appointed upon the death of the alleged father, for his status as natural child does not yet appear to have been acknowledged in an authentic and valid manner."

But although such is the case, there is no doubt either that in view of the nature of the proceeding and of the duties of the court which took cognizance of the same, and bearing in mind the present status of the Jaca brothers as regards the inheritance, they being prospective heirs in case there should be no ascendants or descendants, and that of the Expósito brothers in connection therewith, who are presumptive heirs to the exclusion of the Jaca brothers, it was within the discretion of said court, once the matter was brought to its attention and irrespective of whether or not the party who called its attention was in full possession of his rights, to stay the order decreeing the allowance, which involved the disposal of funds belonging to the estate in favor of persons who might not perhaps be entitled thereto, and to summon those who claimed to have, if not an interest actually and fully established, a prospective interest, in order to hear them fully and finally decide in accordance with the facts and the law.

As the District Court of San Juan acted properly under the attendant circumstances, our intervention, as already stated by us, becomes unnecessary, and, therefore, the writ issued should be discharged and the record returned to said district court for further proceedings in accordance with the law.